NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS SHAPPELL, et al., : | |
| : | Civil No. 06-2078 (AET) |
| Plaintiffs, : | |
| : | |
| v. : | **MEMORANDUM AND ORDER** |
| : | |
| PPL CORP., et al., : | |
| : | |
| : | |
| Defendants. : | |
| : | |

THOMPSON, U.S.D.J.

I. Introduction

This matter comes before the Court on (1) Plaintiffs' motion to voluntarily dismiss their class action claims; and (2) Plaintiffs' motion to remand the case to state court. The Court has decided these motions based upon the submissions of both parties and without oral argument pursuant to Fed. R. Civ. P. 78. For reasons stated below, Plaintiffs' motion to voluntarily dismiss is granted in part and Plaintiffs' motion to remand is denied.

II. Background

On March 30, 2006, Plaintiffs, as a class of individuals, filed suit in state court, alleging several state law claims stemming from an environmental spill of fly ash[1] caused by Defendants, which permeated the Delaware River and surrounding areas. Defendants removed the action to this Court under the recently enacted Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d),

---

[1] Fly ash is a pollutant containing various toxins and is derived from the burning of coal.

allowing removal of class actions with minimally diverse classes, when the aggregate amount in controversy exceeds five million dollars.  Plaintiffs now seek to voluntarily dismiss all of the class action allegations of their complaint, and request remand of the remaining claims to state court.

### III.  Discussion

#### A.  Voluntary Dismissal or Amended Complaint

As an initial matter, Defendants argue that Plaintiffs improperly employ Federal Rule of Civil Procedure 41(a)(2) for voluntary dismissal of specific claims, when what they in fact seek to do is amend their complaint.  Defendants argue that Plaintiffs attempt to strategically alter their complaint, to sever CAFA jurisdiction and thereby avoid having to litigate their claims in federal court.  Defendants seek denial of the motion on this basis.

Rule 41(a)(2) states in relevant part that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms as the court deems proper."  Although Defendants are correct that the rule specifically states an "action" may be dismissed as opposed to specific claims, the Court notes that "it may not be material whether the court acts under Rule 15(a) which relates to amendments, or Rule 21 which concerns misjoinder, or Rule 41(a)(2)."  See Johnston v. Cartwright, 355 F.2d 32, 29 (8th Cir. 1966).  The materiality of the distinction between rule 15(a) and 41(a)(2), raised by Defendants, is dubious here because Plaintiffs ultimately are seeking to remand the entire action to state court.  Therefore, the Court construes Plaintiffs' motion as one to dismiss the entire action under Rule 41(a)(2), giving them leave to proceed individually in state court.

B. Standard of Review

District courts have discretion over whether to grant a voluntary dismissal under Rule 41(a)(2). The pivotal inquiry in exercising discretion is how to insure "substantial justice [for] both parties." DuToit v. Strategic Minerals Corp., 136 F.R.D. 82, 85 (D. Del. 1991); Lunn v. United Air Craft Corp., 26 F.R.D. 12, 18 (D. Del. 1960) (stating with regard to exercising discretion over Rule 41(a)(2) voluntary dismissals, "all the facts must be considered and all the equities weighed"). If a grant of voluntary dismissal for one party unduly prejudices another, Rule 41(a)(2) enables a court to impose curative conditions upon the dismissal. Fed. R. Civ. P. 41(a)(2); Bready v. Geist, 85 F.R.D. 36, 38 (E.D. Pa. 1979); Phila. Gear Works, Inc. v. Kerotest Mfg. Co., 101 F. Supp. 820 (W.D. Pa. 1951). However, courts generally agree that Rule 41(a)(2) motions "should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit." DuToit, 136 F.R.D. at 85 (citing In re Paoli R.R. Litig., 916 F.2d 829, 863 (3d Cir. 1990) (in dictum, the Third Circuit endorses a "liberal" view toward granting voluntary dismissals)). Prejudice is measured by the plaintiff's diligence in bringing the motion; any "undue vexatiousness" on plaintiff's part; the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss. D'Alto v. Dahon Calif., Inc., 100 F.3d 281, 283 (2d Cir. 1996) (citing Zagano v. Fordham Univ., 900 F.2d 12 (2d Cir. 1990)).

C. Prejudice to Defendants v. Plaintiffs' Justifications

Here, Defendants claim prejudice on a number of grounds. First, Defendants claim Plaintiffs' motion is a ruse, designed to circumvent litigating their class action in federal court by

3

voluntarily dismissing the class and then "gerrymandering" smaller groups of class actions that fall beyond the purview of CAFA.  More specifically, Defendants suspect that if the class is dismissed, Plaintiffs would create smaller class actions where the amount in controversy does not exceed five million dollars, rendering those new actions incapable of removal under CAFA.  Second, Defendants claim prejudice arguing Plaintiffs seek dismissal because their claims are baseless, they have engaged in dilatory tactics, failed to comply with discovery orders, and are attempting to avoid diligent prosecution of their case and an inevitable adverse ruling on summary judgment.  Lastly, Defendants argue that Plaintiffs offer no justification why litigation in state court is preferable to keeping the action here.

　　　　Plaintiffs argue that they wish to proceed individually and should not be forced to remain as a class.  They argue dismissal of the class benefits all parties, "eliminat[ing] prolonged procedural litigation involving class action certifications, class action discovery, potential subsection of the class, etc." (Pls.' Mot. to Dismiss at 6.)  Further, they claim their request for dismissal is appropriately timed, coming before substantial discovery and before any motion practice has occurred.  Lastly, because all the underlying class claims are based on state common law issues and statutory violations, implicating state-issued permits and state enforcement agencies, Plaintiffs argue that state court is the logical place for the litigation to proceed.

### D. Balancing the Equities

　　　　Keeping in mind the Third Circuit's liberal view regarding allowance of voluntary dismissals, and the maxim that voluntary dismissals "should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit," the Court will allow Plaintiffs to voluntarily dismiss the action under Rule 41(a)(2).  DuToit, 136 F.R.D. at 85

(citations omitted). The fact that Plaintiffs prefer to litigate their claims in state court is not, per se, a reason for this Court to deny their request. See, e.g., Mathews v. Trans Atlas Boats Inc., No. 03-0803, 2003 WL 21146808, at *2 (E.D. La. May 15, 2003) (refusing to deny a motion for voluntary dismissal merely because the plaintiff prefers a state forum over a federal forum) (citing LeCompte v. Mr. Chip. Inc., 528 F.2d 601 (5th Cir. 1976)). Further, the Court finds that the case has not proceeded so far as to prejudice Defendants by dismissing it at this juncture. Neither party has engaged in substantial discovery. Indeed, Defendants complain of Plaintiffs' failure to engage in discovery exchanges. There have been no discovery depositions, no expert reports or interrogatories exchanged. Furthermore, whatever discovery Defendants have culled for this litigation is no doubt relevant to a separate action, which has been brought against them by the Pennsylvania Department of Environmental Protection, and will likewise be pertinent to any future suits brought by Plaintiffs here, as individuals. See, e.g., Buse v. Vangard Group. of Inv. Cos., No. 91-3560, 1994 WL 111359, at *3 (E.D. Pa. Mar. 31, 1994) (finding no prejudice to defendant caused by discovery expense as "much of [it] can be used when the matter is ultimately tried, wherever it is ultimately tried").

Defendants' claim of prejudice is further undermined by the fact that no dispositive motions have been filed. Reach & Ass'ns, P.C. v. Dencer, No. 02-1355, 2004 WL 253487, *2 (D. Del. Feb. 9, 2004) (finding the lack of dispositive motions filed weighed in favor of allowing dismissal). Defendants argue that Plaintiffs have been dilatory, yet Plaintiffs brought this motion eight months after the case was removed, which is not excessive considering the number of parties involved and the complexity of the matter. Id.

Lastly, the Court finds that because state law claims pervade the dispute it is logical for

5

the parties to proceed in state court, for reasons of the institution's competency and expertise in matters of state law, and state agencies.  See, e.g., Agee v. Ass'n First Capital Corp., No. 2:05 CV 305-A, 2005 WL 2387603, at *6 (M.D. Ala. Sep. 28, 2005) (stating the "court is willing to recognize that state courts routinely hear state law issues and are likely in a better position to resolve those issues");  Appleby v. Citigroup, Inc., No. 05-00134, 2005 WL 1587885, at *3 n.6 (S.D. Ala. Jul. 6, 2005) (noting that "at the risk of stating the obvious, state courts have greater expertise in issues of state law").  Therefore, Plaintiffs' motion for voluntary dismissal is granted.

### E. Curative Conditions

The Court is concerned that Plaintiffs may attempt, as Defendants argue, to use this voluntary dismissal as a means of "gerrymandering" smaller class sizes in state court, which fall beyond the purview of CAFA.  While Defendants are not prejudiced by the timing of the dismissal, they certainly would be prejudiced by having to litigate multiple class actions in state court without the option of removal.  Additionally, the Congressional intent behind CAFA would be undermined by such strategic use of the rules.  See. e.g., 28 U.S.C. § 1711(b)(2) (stating one of the purposes of CAFA is "[to] restore the intent of the framers of the United States Constitution by providing for federal court consideration of interstate cases of national importance under diversity jurisdiction").  Therefore, the Court grants Plaintiffs' motion to voluntarily dismiss, on the condition that none of the Plaintiffs named within the complaint may file or enter a class action in any court in the United States on the basis of any theory of recovery stemming from the facts stated in the complaint before this Court.  See, e.g. In re Phillips Petroleum Sec. Litigation, 109 F.R.D. 602, 609 (D.Del. 1986) (granting plaintiff's voluntary dismissal on the condition that he not file a duplicative class action in any court); Goldlawr, Inc.

v. Shubert, 32 F.R.D. 467 (S.D.N.Y.1963) (dismissal without prejudice conditioned on plaintiff covenanting not to sue defendants). If any Plaintiff named in the complaint violates this condition, the dismissal granted herein shall be with prejudice as to that Plaintiff. 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2366, at p. 316 (2d ed. 1994) (citing various cases and noting if a plaintiff "accepts dismissal but does not meet the conditions, the order of dismissal may be made with prejudice").

### IV.  Conclusion

For the reasons given above, and for good cause shown,

It is on this 20th day of March 2007,

**ORDERED** that Plaintiffs' Motion for Voluntary Dismissal is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' Motion for Remand is **DENIED;** and it is further

**ORDERED** that Plaintiffs must file with the Court within 10 day of the entry of this Order a letter regarding whether they accept the conditions for dismissal.

                                                         s/Anne E. Thompson
                                                   ANNE E. THOMPSON, U.S.D.J.